UNITED STATES

v.

**Michael W. DEN HARTOG, Seaman Apprentice, U.S. Coast Guard**
**CGCMS 23430.**

**Docket No. 816.**

U. S. Coast Guard Court of Military Review.

22 Dec. 1978.

Trial Counsel: LT Andrew W. Anderson.

Assistant Trial Counsel: LT Judith M. Riordan.

Defense Counsel: LT Paul J. Bodenhofer.

Appellate Defense Counsel: LT Jon W. Peterson.

Appellate Government Counsel: LCDR Larry F. Wheatley.

## OPINION

MORGAN, Chief Judge:

Seaman Apprentice Michael W. Den Hartog, U.S. Coast Guard, was tried by Special

Court-Martial convened by the Commanding Officer, USCGC CAMPBELL (WHEC–32), at the Office of the Commander, Thirteenth Coast Guard District, Seattle, Washington, on 15 February 1978. He pleaded guilty to and was convicted of obstruction of justice, breach of restriction, wrongful possession of marijuana, larceny, wrongful appropriation and burglary, violations respectively of Articles 134, 92, 121 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892, 921 and 929. The military judge sentenced the accused to be confined at hard labor for two months, to forfeit $200.00 per month for two months, to be reduced to pay grade E–1, and to be discharged from the service with a bad conduct discharge. On 26 May 1978 the convening authority approved the sentence and ordered it executed but suspended execution of the portion of the sentence adjudging bad conduct discharge for a period of six months with provision for automatic remission. In an action of 12 July 1978 the officer exercising general court-martial jurisdiction approved the sentence as approved and partially suspended by the convening authority. The sentence to a bad conduct discharge would have been remitted 25 November 1978 and counsel have informed us that Seaman Apprentice Den Hartog was administratively discharged under honorable conditions on 13 October 1978.

Appellate defense counsel initially filed two assertions of error. First, it was alleged that the sentence to a bad conduct discharge could not be approved because of material omissions from the record of trial occasioned by the malfunctioning of the recording equipment. Second, it was urged that the conviction under Article 92, UCMJ, could not stand because the Coast Guard Regulation alleged to have been violated was not lawfully promulgated. Subsequently, in a supplemental assignment of error appellate defense counsel contends that a new district legal officer's review and action by the officer exercising general court-martial jurisdiction are required because the trial defense counsel was not served with a copy of the review and given an opportunity to reply as required by *U. S. v. Goode*, 1 M.J. 3 (C.M.A.1975).

An identical attack on the validity of U.S. Coast Guard Regulations, CG–300, was rejected by the Court in *U. S. v. Allen* C.G.C. M.R., 6 M.J. 633, decided 16 November 1978. What we said there is equally applicable to the present claim of error affecting the conviction for wrongfully possessing marijuana.

█ The district legal officer's review is dated 11 July 1978 and shows "copy to", among others, the defense counsel. There is no other indication in the record that a copy of the review was served on the defense counsel or delivered to him and the record contains no rebuttal to or comment on the district legal officer's review by the defense counsel. The Commander Thirteenth Coast Guard District took action on the record 12 July 1978. Clearly the requirements of *U. S. v. Goode* were not met and except for our disposition of the issue raised with respect to the omissions from the record of trial it would be necessary to return the record for a new staff judge advocate review and supervisory authority action. *U. S. v. Hill*, 3 M.J. 295 (C.M.A. 1977).

█ There are various omissions from the record of portions of the military judge's inquiry into the providence of the accused's guilty pleas conducted pursuant to the requirements of *U. S. v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Nevertheless, the record in that respect is sufficiently complete to permit an informed determination that the accused's pleas of guilty were providently entered and, except for the charge involving the violation of Coast Guard Regulations, appellant does not challenge the validity of the findings of guilty. See *U. S. v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953).

The accused testified under oath in extenuation and mitigation stating his intention to request enrollment in the drug rehabilitation program and expressing his regret at having committed the offenses of which he stood convicted. Thereafter the record reveals that the military judge examined

the accused with regard to whether he was under the influence of marijuana at the time he committed the burglary, larceny and wrongful appropriation offenses but the extent and import of that examination as well as the accused's responses thereto is wholly unintelligible due to extensive omissions from the transcript. This was a critical area of the trial in this case with a potential for substantial impact upon the sentence to be adjudged. Indeed, quantum of punishment was the only contested issue in the case and the judge's first question of the accused went directly to uncharged misconduct involving the use of marijuana. What other areas unfavorable to the accused may have been the subject of inquiry by the trial judge cannot be determined from the record.

The district legal officer noted in his review that the military judge, counsel and the reporter spent many hours attempting to reconstruct the record but were unable to do so. Even had they succeeded, there is no assurance that the reconstructed record would have been sufficient to support the sentence to bad conduct discharge. *U. S. v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *U. S. v. Sturdivant,* 1 M.J. 256 (1976). Thus, what was perhaps the most crucial portion of the entire trial from the accused's standpoint is before us for review as essentially a blank page in the record.

■ The omissions in this case are substantial, leaving less than the verbatim record of trial required by Article 19, UCMJ, 10 U.S.C. § 819 and paragraph 83a, Manual for Courts-Martial, 1969 (Rev.). See *U. S. v. Whitman,* 3 U.S.C.M.A. 179, 11 C.M.R. 179 (1953). The existence of such a record is a jurisdictional prerequisite for the continued validity of the sentence to a punitive discharge. *U. S. v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974). Nevertheless, the findings of guilty and the sentence not extending to bad conduct discharge may be approved on the transcript before us which is otherwise sufficiently complete for appellate review. *U. S. v. Thompson,* 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973); *U. S. v. Randall,* 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974).

The findings of guilty and only so much of the sentence approved on review below as provides for confinement at hard labor for two months, forfeiture of $200.00 per month for two months and reduction to pay grade E–1, are affirmed.

Judges BURGESS, HOLLAND and BRIDGMAN concur.

Judge ALCANTARA did not participate in the decision in this case.